IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

FILED

05 OCT 14 PM 5:47

U.S. DISTRICT COURT
W.D.N.Y.-BUFFALO

UNITED STATES OF AMERICA :

:

-v-                                       04-CR-127-S

:

ASDICO, INC.
d/b/a/ Acme Sales,                        :
                    Defendant.
                                          :

## PLEA AGREEMENT

The defendant, ASDICO, INC. d/b/a Acme Sales and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to plead guilty to Count 7 of the Indictment which charges a violation of Title 21, United States Code, Section 843(a)(7) (distribution of a chemical which may be used to manufacture a controlled substance having reasonable cause to believe the chemical would be used to unlawfully manufacture a controlled substance) which carries a maximum possible sentence of a fine of $500,000 and a mandatory $400 special assessment.  The defendant understands that the penalties

set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

## II.   SENTENCING GUIDELINES

2.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

3.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:  that the defendant, through an employee or agent acting within the scope of the employee's employment or agent's representation, intentionally distributed a quantity of pseudoephedrine, that the defendant, through the employee or agent, knew that the pseudoephedrine was a chemical which may be used to manufacture methamphetamine, and that the defendant, through the employee or agent, had reasonable cause to believe that the pseudoephedrine would be used to unlawfully manufacture methamphetamine.

2

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

>   a) In October 1999, JAY SCHEUR was the president and sales representative of the defendant, Asdico, Inc. d/b/a Acme Sales. Asdico, Inc. was registered with the Drug Enforcement Administration as a distributor of listed chemicals in the Western District of New York. On or about October 20, 1999, Scheur, in the course of his employment and within the scope of his duties, caused Asdico, Inc. to distribute 12 cases of pseudoephedrine, a listed chemical which Scheur knew could be used to manufacture methamphetamine, a Schedule II controlled substance. The 12 cases of pseudoephedrine were picked up by an individual known to the defendant and Scheur only as "Moe" who picked up the pseudoephedrine on behalf of 6 different convenience stores, 4 located in Buffalo, New York, 1 located in Brooklyn, New York and 1 located in Ridgewood, New York. The purchase price for the pseudoephedrine was $8,800 which was paid for by way of 3 United States Postal money orders, 8 Continental Express money orders, 2 Travelers Express money orders and 1 Bank of America cashier's check payable to a third party. Based on the circumstances of this transaction, and information provided to the defendant by the Drug Enforcement Administration, the defendant, through Scheur, had reasonable cause to believe that the pseudoephedrine would be used to unlawfully manufacture methamphetamine.

5. The government and the defendant agree that Guidelines §8C2.10 applies to the offense of conviction and provides that

3

the defendant may be fined up to the statutory maximum applicable to the offense of conviction.

6. It is the understanding of the government and the defendant that the defendant's sentencing range would be a fine of up to $500,000.

7. The defendant understands that the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

8. The defendant agrees that at sentencing, the Court shall enjoin the defendant from engaging in any transaction involving a listed chemical for 10 years from the date of sentencing, pursuant to Title 21, United States Code, Section 843(e).

### III.   **STATUTE OF LIMITATIONS**

9. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not

to assert the statute of limitations as a defense to any other criminal offense involving or related to the unlawful possession, manufacture or distribution of listed chemicals which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### IV. GOVERNMENT RIGHTS AND RESERVATIONS

10. At sentencing, the government agrees to take no position as to the specific sentence imposed by the Court.

11. The defendant understands that the government has reserved the right to:

> a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;
>
> b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;
>
> c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that

        subsequent to this agreement the government
receives previously unknown information
regarding the recommendation or factor.

12. At sentencing, the government will move to dismiss the open counts of the Indictment as against the defendant.

13. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## V. APPEAL RIGHTS

14. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack the sentence imposed by the Court notwithstanding the manner in which the Court determines the sentence.

15. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the

right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

16. The government waives its right to appeal the sentence imposed by the Court notwithstanding the manner in which the Court determines the sentence.

## VI. TOTAL AGREEMENT AND AFFIRMATIONS

17. This plea agreement represents the total agreement between the defendant, ASDICO, INC. d/b/a Acme Sales, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

KATHLEEN M. MEHLTRETTER
Acting United States Attorney
Western District of New York

BY: _____
JOSEPH M. GUERRA, III
Assistant U. S. Attorney

Dated: October 14, 2005

The corporate defendant, ASDICO, INC. d/b/a Acme Sales, by its attorney, Mark Carney, Esq. and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked **Exhibit A**, hereby agrees to all the terms of this agreement. Furthermore, the defendant, ASDICO, INC. d/b/a Acme Sales, acknowledges that all the terms of this agreement, which consists of 8 pages, have been explained to the Board of Directors. The corporation has had a full opportunity to discuss this agreement with its attorney, Mark Carney, Esq. The corporation states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement. The corporation fully agrees with the contents of this agreement. The corporation is signing this agreement voluntarily.

BY: ASDICO, INC. d/b/a Acme Sales
JAY SCHEUR
President
Defendant

Dated: October 14, 2005

MARK CARNEY, Esq.
Attorney for Defendant Corporation

Dated: October 14, 2005

8

## CORPORATE RESOLUTION

BE IT RESOLVED, at a meeting of the Board of Directors of ASDICO, INC. d/b/a Acme Sales held October 1, 2005, at 19 Timberlane Drive, Williamsville, NY, 14221, the Corporation is hereby authorized to enter a plea of guilty to a violation of 21 USC §843(a)(7), distribution of a chemical which may be used to manufacture a controlled substance, having reasonable cause to believe the chemical would be used to unlawfully manufacture a controlled substance and,

THAT, Jay Scheur, Corporate President and Chairman of the Board of Directors is further authorized to sign a Plea Agreement on the Corporation's behalf.

DATED:   October 15, 2005

Jay Scheur, President & Chairman
ASDICO, INC. d/b/a Acme Sales

**EXHIBIT A**